FILED
FEB 07 2014
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | * | CR 13-30078-RAL |
|---|---|---|
| Plaintiff, | * | |
| | * | ORDER DENYING |
| vs. | * | MOTION TO DISMISS |
| | * | AND AMENDED |
| DARYL PLUMMAN, | * | MOTION TO DISMISS |
| | * | |
| Defendant. | * | |

On May 15, 2013, Daryl Plumman (Plumman) was indicted with one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(a), and 2246(2)(A), for conduct that was alleged to have occurred on or about between July 25, 2011 and July 31, 2011. Doc. 1. A Superseding Indictment was filed on December 10, 2013, which charged Plumman with one count of aggravated sexual abuse—the same count which was also alleged in the original Indictment—and added one count of aggravated sexual contact in violation of 18 U.S.C. §§ 1153, 2241(a), and 2246(2)(A). Doc. 46. The Superseding Indictment also enlarged the time period as to when the alleged crimes occurred from July 25, 2011 through July 31, 2011, as contained in the original Indictment, to July 1, 2011 through July 31, 2011. Doc. 46.

On December 3, 2013, Plumman filed a Motion to Dismiss Indictment, Doc. 44. Plumman raised two arguments. First, Plumman argued that he was a minor at the time of the alleged offenses. Doc. 44 at 1. Second, Plumman argued that the indictment should be dismissed because "[t]he [G]overnment has unreasonably delayed the Defendant's indictment and by doing so has caused actual prejudice to Defendant's opportunity to defend himself." Doc. 44 at 1. The Government responded, Doc. 54, and informed this Court that defense counsel and the Government conferred and agreed that Plumman was not a minor at the time of the alleged offenses and that defense counsel agreed to

withdraw the motion to dismiss. Doc. 54 at 1. The Government's response included its own "Government's Motion to Dismiss Defendant's Motion." Doc. 54. Plumman then filed an "Amended Motion to Dismiss," Doc. 63, in which he withdrew the first argument based on his mistakenly asserting his status as a minor, but maintained that the Superseding Indictment should be dismissed based on the Government's undue delay in bringing it.

The Due Process Clause contained in the Fifth Amendment protects criminal defendants from "unreasonable pre-indictment delay." United States v. Gladney, 474 F.3d 1027, 1030 (8th Cir. 2007). "To prove a violation of the Fifth Amendment's due process right against unreasonable pre-indictment delay, [the defendant] 'must establish that: (1) the delay resulted in actual and substantial prejudice to the presentation of the defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him.'" United States v. Haskell, 468 F.3d 1064, 1070 (8th Cir. 2006) (quoting United States v. Sturdy, 207 F.3d 448, 452 (8th Cir. 2000)). To prove actual prejudice, the defendant bears the burden of identifying "witnesses or documents lost during the period of delay," and cannot carry his burden by making merely "speculative or conclusory claims of possible prejudice caused by the passage of time." United States v. Sprouts, 282 F.3d 1037, 1041 (8th Cir. 2002). The defendant also bears the burden of showing that the testimony or documents lost because of the delay are not available through other means. Id. If the defendant fails to establish actual prejudice, this Court need not assess the government's rationale for the delay. Id.

In his original Motion to Dismiss, Plumman argues that he suffered actual prejudice when the Government was able to conduct interviews close in time to the alleged criminal conduct but, because of the delay, Plumman "must attempt to interview witnesses and ask those witnesses to attempt to recall occurrences and events that are anywhere from two to four years old." Doc. 44. In his Amended Motion, Plumman makes additional arguments. He argues that he has been unable to locate a witness

2

or possible witnesses. Doc. 44 at 1. He does not list the identity of the witness or witnesses that are unavailable, nor indicate what information those witnesses possess. Plumman also argues that the Superseding Indictment's enlarging of the time period for the crime has prevented him from presenting an alibi defense. Doc. 44 at 1.

Here, Plumman has not met his burden to establish actual prejudice. Plumman's argument that the passage of time may impede the recollection of the events in question by some unidentified fact witnesses is not sufficient to establish actual prejudice. See Sprouts, 282 F.3d at 1041 (holding actual prejudice requires identifying witnesses and documents lost during the delay). Plumman does not list any witnesses and does not state which, if any, witnesses are unable to recall the events clearly. Plumman's argument that "[t]here are additional witnesses" for whom he has been unable to obtain proper addresses fails to establish a due process violation. Plumman again does not identify any such witnesses, does not explain how or why he cannot contact them, does not establish his inability to contact them is a result of the delay, and does not establish that the likely testimony would be helpful to him or is unavailable through other means. See United States v. Edwards, 563 F. Supp. 2d 977, 1011 (D. Minn. 2008) (holding that a seventeen-year delay between the alleged crime and the indictment was not violative of the defendant's due process right when he "did not specify in his moving papers the identity of any witnesses that have disappeared or any evidence that has been lost, let alone present evidence to attribute the theoretical losses of such evidence to the actions of the Government").

Finally, Plumman has not carried his burden to show that the Superseding Indictment's enlargement of the time period from July 25-31, 2013, as the original Indictment provided, to July 1-31, 2013, has violated his right to due process. To the extent that Plumman challenges the sufficiency of the Superseding Indictment based on the Superseding Indictment's lack of a specific date in which

the offenses are alleged to have occurred, the Superceding Indictment adequately states the alleged offenses at this stage. The United States Court of Appeals for the Eighth Circuit has stated the following regarding what is required of an indictment:

> An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. . . . [W]e will find an indictment insufficient only if an essential element of substance is omitted.

United States v. Beasley, 688 F.3d 523, 532 (8th Cir. 2012) (internal citations and quotation marks omitted); see also United States v. White, 241 F.3d 1015, 1020 (8th Cir. 2001) ("We will consider an indictment sufficient if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution.") (internal quotation marks omitted). An indictment is not insufficient because it fails to allege the dates on which the alleged offenses occurred when the date of the offense is not a material element included in the charging statute. See United States v. Stockman, No. CR. 09-50029-01-KES, 2010 WL 1409446, at *2 (D.S.D. Mar. 31, 2010) (citing White, 241 F.3d at 1020). Here, the Superseding Indictment alleging that the criminal conduct occurred during the month of July of 2011 is not insufficient or thereby defective.

Plumman has not established actual prejudice from the enlargement of the time period in the Superseding Indictment. Plumman has not shown, for example, that the enlargement of the time period by just over three weeks has caused him to lose access to alibi witnesses. In neither of his motions does Plumman explain any claimed alibi defense, the dates to which his alibi defense was applicable, or how his alibi defense was applicable to the dates alleged in the original Indictment but

4

somehow became inapplicable once the Government expanded the date range. In fact, Plumman does not assert in any of his pleadings to date any facts related to an alibi defense at all.

Plumman has not carried his burden to establish that the Government's delay in bringing the Indictment or enlarging the time period in the Superseding Indictment caused him actual prejudice. Moreover, even if this Court were to find actual prejudice, Plumman has not provided any factual support that the Government acted with the intent to gain a tactical advantage over Plumman or to harass him. Gladney, 474 F.3d at 1030. For good cause, it is hereby

ORDERED that the Defendant's Motion to Dismiss, Doc. 44, is denied. It is further

ORDERED that the Defendant's Amended Motion to Dismiss, Doc. 63, is denied. It is finally

ORDERED that the Government's Motion to Dismiss Defendant's Motion, Doc. 54, is denied as moot.

Dated February 7, 2014.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

5